UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MC LOUISIANA MINERALS, LLC | CIVIL ACTION NO. 12-cv-1237 |
| VERSUS | JUDGE HICKS |
| SAM T. SEARCY, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

MC Louisiana Minerals, LLC filed this action against two individuals. The asserted basis for subject-matter jurisdiction is diversity of citizenship. The individual defendants are alleged to be citizens of Texas. Plaintiff describes itself as a limited liability company organized under Oklahoma law with a principal place of business in Oklahoma. It also alleges: "All of the members of MCLM are citizens of the State of Oklahoma."

The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007).

The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership, the

citizenship of which is determined by the same rules applicable to an LLC. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient.

This court has seen a number of cases where the parties were confident there was diversity because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court, and Elliot v. Tilton, 62 F.3d 725, 729 (5th Cir. 1995), where the judgment was vacated on appeal. See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (ordering detailed allegations of citizenship of an LLC).

Plaintiff will be allowed until **November 2, 2012** to file a motion for leave to file an amended complaint that sets forth its citizenship in detail in accordance with the above rules. If diversity is established, the court will set a scheduling conference. If not, the action will be subject to dismissal for lack of subject-matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of October, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE